Sneep, J.,
delivered the opinion of the court:
On the 18th of July, 1873, the plaintiff, as the administrator of G. W. Miller, deceased, recovered a judgment against defendant for the sum of $213.97, before a justice of the peace of Henry county, upon a promissory note dated 1st October, 1858, and due the 25th of December, 1861. The warrant purports to have been issued by Justice Dillahunty, bears teste the 30th of December, 1872, and ivas executed by Constable Baker, and the trial and *651 judgment bad on the 18th of January, 1873, before Justice Trevathen. The defendant appealed to the circuit court, where the verdict and judgment were in affirmance of the justice’s judgment. In the circuit court the defendant asked leave to file a plea in abatement as follows: “The defendant for plea says that the paper writing in this causey purporting to be a warrant issued by one John Dillahunty, a justice of the peace for Henry county, was never in fact filled up, issued, and signed by said Dillahunty.” The plea was sworn to. The court refused to allow the plea to bellied. The defendant thereupon stated that he relied upon the statute of limitations, and introduces the constable, Baker, by whom he proposed to prove that said Baker himself, on the 30th of December, .1872, signed the name of said Justice Dillahunty to said warrant, and about one week afterward (about the 7 th or 8th of January, 1873), he saw said Dillahunty, told him what he, had done, and that said Dillahunty replied “all right.” He proposed to prove by said Baker, also, that Dillahunty knew nothing about said warrant until said last named day.
The evidence was rejected by the court. It will be observed that by this stratagem of the constable, the defendant was deprived of his defense of the statute of limitations, the six years of the statute having expired on the first of January, 1873. The trial of the case before the justice was on the 18th day of January, 1373, and it is admitted at the bar that the defendant was then and there present litigating his rights. He insists that the warrant being void, the suit did not begin until he submitted to the jurisdiction by appearing before the justice. It is true that a warrant unsigned by the justice is a nullity, and all proceedings under it would be void unless the objection be in some manner waived by the party. It is the duty of a justice issuing a warrant not only to sign it himself, but to indorse on the back of it the date of its issuance, which becomes an important matter under the plea of the statute of limitations. *652 Code, secs. 2819, 4145, 4146 [Shannon’s Code, secs. 4524, 5957, 5958]; Reed v. Brewer, Peck R., 275. And in McCully v. Malcom, 9 Hum., 187, it is held that parol evidence is admissible to prove that a justice’s warrant is genuine, and we can adduce no sound reason why the fact that the warrant is forged or fraudulent may not also, be shown by parol evidence.' "While the judgment in this case, therefore, cannot be treated as a nullity, because the party has seen fit to submit to the jurisdiction of the justice, the question is whether the court erred in rejecting the plea in abatement, or in rejecting the parol evidence offered by defendant to show when and how the warrant was issued. It seems to have been held in some of our early cases that matter in abatement, even before a justice, must be specially and formally pleaded, and unless it be done in that forum it comes too late upon appeal to the circuit- court. In this case, however, the question was, When did the suit begin? There is no date of issuance on the warrant, and this was the vital fact to the defense, which the court ought to have allowed the defendant to show by parol. We ought to presume in charity that when a party, in his own right, relies upon the defense of the statute of limitations, there is some honest defense behind it. In this case the defendant was perhaps deprived of the right of such a defense, and we think he had a right, by parol, to show the facts.
Reverse the.judgment.